**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carroll Garwin McFADDEN, Defendant-**
**Appellant.**

No. 71–1362.

United States Court of Appeals,
Sixth Circuit.

April 19, 1972.

George V. Warren, Lansing, Mich. (Court Appointed), Treleaven, Warren, Walsh & Bossenbrook, Lansing, Mich., on brief, for defendant-appellant.

Frederick S. Van Tiem, Asst. U. S. Atty., Detroit, Mich., Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief, for plaintiff-appellee.

Before CLARK, Associate Justice,* PHILLIPS, Chief Judge, and EDWARDS, Circuit Judge.

PER CURIAM.

Carroll McFadden appeals from a conviction for the armed robbery of the National Bank & Trust in Ann Arbor, Michigan. We affirm.

Several grounds are asserted for reversal. Only three require discussion.

■ McFadden was brought to the courtroom for trial from the Wayne

---

* Honorable Tom C. Clark, Associate Justice of the Supreme Court of the United States, Retired, sitting by designation.

County Jail, clad in overalls which he was wearing at the time of his arrest about one month previously. He contends that he was denied a fair trial by the trial judge's refusal to continue the trial so as to enable his attorney to procure more appropriate clothing. We find no abuse of discretion in refusing the continuance. McFadden had ample notice of the trial and opportunity to obtain clothing. He appeared following the noon recess attired in clothes of his own choosing. No prejudice has been shown flowing from his appearance on the first morning of trial. McFadden did not appear in prison garb or clothing similar to that described as having been worn by the perpetrator of the crime.

■ The Government introduced into evidence the note purportedly used by the robber and fingerprints taken therefrom. The fingerprints matched McFadden's. McFadden asserts that the prosecution failed to establish chain of custody for the note sufficient to lay a foundation for admission. We do not agree. One of the tellers identified the note as the one used. The note was accounted for except for the very brief interval between the robbery and the arrival of the police. Such physical evidence is admissible where the possibilities of misidentification or alteration are "eliminated, not absolutely, but as a matter of reasonable probability." Gass v. United States, 135 U.S.App.D.C. 11, 416 F.2d 767, 770 (1969) (footnote omitted). The note introduced satisfied that standard. Further, the teller's identification of the note was sufficient foundation for admission. See United States v. Blue, 440 F.2d 300, 303 (7th Cir. 1971); cf. United States v. Hobbs, 403 F.2d 977 (6th Cir. 1968).

■ Defense counsel's cross-examination of the eyewitnesses elicited the fact that McFadden had been identified in pre-arrest photograph displays. McFadden urges that Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), required a hearing on the fairness of the displays and the independentness of the in-court identifications. We need not pass on this issue. Defense counsel was furnished the photographs used upon his motion "to inspect the photographs under the *Wade* [v. United States, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)] decision for the purpose of determining the fairness of presentation." Following inspection, no due process challenge to the in-court identification was made. Whatever rights McFadden may have had to a hearing, see Clemons v. United States, 133 U.S.App.D.C. 27, 408 F.2d 1230 (1968) (in banc), were waived. See R. 52(b), Fed.R.Crim.P.

We find the remaining contentions to be wholly without merit. The Government's opening statement was sufficient in light of the stipulation that the bank was federally insured and judicial notice that Ann Arbor is located within the Eastern District of Michigan. Any error in admitting the bank auditor's testimony was harmless beyond any doubt since the offense charged does not require any particular amount of money to have been taken. Agent McGirr's testimony concerning a file of photographs of bank robbers was not prejudicial in that the file referred to did not include McFadden's photograph.

Affirmed.