**UNITED STATES of America, Plaintiff,**

**v.**

**William B. ROBINSON, Defendant.**

**Crim. A. No. 7292.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 6, 1973.

John L. Bowers, Jr., U. S. Dist. Atty., Knoxville, for plaintiff.

Fred L. Myers, Newport, Dale M. Quillen, Nashville, Ben W. Hooper II, Newport, for defendant.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant is charged in a two-count indictment with the unlawful pos-

---

session of a firearm which was illegal and unregistered. 26 U.S.C. §§ 5861(c), (d), 5871. The prosecution undertook to establish a chain of custody of the firearm sufficient to lay a foundation for its admission into evidence as exhibit no. 2 herein.[1] At the conclusion of the prosecution's evidence, the defendant moved for entry of a judgment of acquittal. Rule 29(a), Federal Rules of Criminal Procedure, on the ground that the evidence adduced by the prosecution is insufficient to support any judgment of conviction.

The prosecution established that proposed exhibit no. 2 has been in the custody of an agent of the bureau of alcohol, tobacco and firearms since October 11, 1972, and that such agent obtained such proposed exhibit from the then chief of police of Newport, Tennessee. This Court cannot say, however, as a matter of reasonable probability, United States v. McFadden, C.A.6th (1973), 458 F.2d 440, 441[2], that the possibilities of misidentification have been eliminated.

Before the proposed exhibit came into the custody of such chief of police, it had lain atop a filing cabinet in the reception room of the recorder and city judge of Newport for parts of two days, when it does not appear to have been particularly in anyone's conscious custody. During such period of time, the reception room mentioned was unattended, and it was available to traffic by the general public. At one point during that period, Lt. Donald Ball removed the proposed exhibit from its resting place, took it outside the building, and fired it several times.

■ The evidence reflected that the proposed exhibit was placed atop the filing cabinet by Mr. Don Coakley, a Newport policeman. Mr. Coakley had stored the proposed exhibit overnight in his locker, to which another officer had a key, after retrieving it from the office of the police dispatcher. The proposed exhibit was left in the dispatcher's office by Lt. Buddy Don Ramsey while the defendant and another person were being booked.

Lt. Ramsey seized a firearm, contended by the prosecution to be the proposed exhibit, about 9:00 o'clock, p. m., October 8, 1972. He placed no identifying mark or tag on the firearm; indeed, no identification of any kind was placed on or attached to the firearm until it passed into federal custody. Except for the fact that the aforementioned chief of police was the head of the Newport police force and possibly in constructive custody of all contraband seized by members of the Newport police department, there is no showing of the manner in which he acquired custody of the proposed exhibit.

■ As the proposed exhibit had passed through so many hands before being produced in court, it was necessary to establish a complete chain of evidence, tracing the possession of the proposed exhibit to the final custodian. As it is not shown by the evidence that the government agent acquired custody of the weapon seized from the defendant, the proposed exhibit cannot be received in evidence. See 29 Am.Jur.2d 844, Evidence, § 774. Although it might be argued that the question of whether there had been a substitution of another weapon for the weapon seized, or of whether there had been tampering with the seized firearm after its seizure, constitutes the barest speculation, People v. Riser (1956), 47 Cal.2d 566, 305 P.2d 1, certiorari denied (1957), 353 U.S. 930, 77 S.Ct. 721, 1 L.Ed.2d 724, this Court is of the opinion that the prosecution has failed to establish a complete chain of evidence, tracing the possession of the weapon seized to the final custodian.[2] The objection to proposed

1. The prosecution concedes that, if such exhibit is not admitted, it has no evidence sufficient to withstand a motion for entry of a judgment of acquittal.

2. In McFadden, supra, relied on by the prosecution, one of the robbed tellers identified the proposed exhibit there as the note used in the course of the robbery involved. We have no similar positive identification here of the identity of the proposed exhibit as the weapon seized.

exhibit no. 2 hereby is SUSTAINED. Gass v. United States (1969), 135 U.S. App.D.C. 11, 416 F.2d 767, 770, fn. 8.

For such reason, and in the light of the aforementioned concession, the Court hereby enters a judgment of acquittal of the defendant Dr. William B. Robinson, who hereby is released from custody.