See also, 433 F.Supp. 379.

**UNITED STATES of America, Plaintiff,**

v.

**Michael Dean WOLFE et al., Defendants.**

**No. CR-2-76-12.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 28, 1976.

---

* Trial of Mr. Gourley hereunder has been assigned for Monday, November 13, 1976—only hours away.

John L. Bowers, U. S. Atty., and Richard K. Harris, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

John F. Dugger, Bacon, Dugger & Jessee, Morrisstown, Tenn., for defendant, Wolfe.

Earl Earl R. Taylor, Johnson City, Tenn., for defendant, Gourley.

## MEMORANDUM OPINION AND ORDER

C. G. NEESE, District Judge.

The defendant Mr. Wolfe renewed his motion in a timely manner for entry of a judgment of acquittal after the return by a jury of a verdict against him of guilty under count I of the indictment herein. Rule 29(c), Federal Rules of Criminal Procedure. The thrust of all the grounds urged in its support is that the possibility of misidentification of the counterfeited currency involved therein was not eliminated sufficiently by the evidence.

One of the essential elements of the crime charged against the defendant Mr. Wolfe in that count was that the two $20 bills of currency he passed to Ms. Patricia Ann Evans on or about March 11, 1976 were counterfeited. 18 U.S.C. § 472. Mr. Wolfe did not dispute the fact that he passed to Ms. Evans on or about that date $50 in currency, included in which were two $20 federal reserve notes; he insists that the evidence did not show amply that those two particular bills were counterfeited.

It was incumbent upon the prosecution herein to have identified sufficiently the $20 bills thus passed by Mr. Wolfe as the same bills found after expert examination subsequently to be counterfeited. *Cf. United States v. Casey*, C.A. 5th (1970), 431 F.2d 953, 954[2]. The possibility of misidentification must have been eliminated by the evidence, " * * * not absolutely, but as a matter of reasonable probability. [Footnote reference omitted.] * * * " *Gass v. United States* (1969), 135 U.S.App.D.C. 11, 416 F.2d 767, 770[3], cited in *United States v. McFadden*, C.A. 6th (1972), 458 F.2d 440, 441[2].

Four purported $20 bills of currency were admitted in evidence herein as collective exhibit no. 1 on the testimony of Mr. Brent Matthews, an official of a certain bank, who testified that they were the same bills he had received from a teller of such bank on March 12, 1976 and turned over the same day to Mr. Wilbur Rainey, a special agent of the United States Secret Service. This was a sufficient foundation for such admission. *Ibid.*, 458 F.2d at 441.

Such teller, Ms. Carol Burnett, testified that she received collective exhibit no. 1, moments before turning such bills over to Mr. Matthews, from Mr. Raymond Lowery for deposit to his son's account. Mr. Lowery testified that he received the money, he sought thus to deposit, from his son Mr. John Lowery on approximately the same date. Mr. John Lowery testified that he had received four $20 bills about noon or in the early afternoon of March 12, 1976 from the defendant Mr. Wolfe; that he placed such bills in his pocket; that he had no other currency upon his person at that time or until he folded the four $20 bills together and gave them to his father with the request that his father deposit them for him. Mr. Rainey testified that in his opinion, the $20 bills in collective exhibit no. 1 were counterfeited.

Ms. Evans testified that, on some date she could not pinpoint, Mr. Wolfe paid her $50 he owed her in the form of two $20-bills and one $10 bill; that she laid all this currency atop her dresser where the bills remained until the next day when she handed them to Mr. John Gourley for his use in

paying a bill; and that after her conversation with Mr. Gourley, she asked Mr. Wolfe why he had given her two $20 bills which were counterfeited, and he replied that he did not know they were counterfeited. (Mr. Gourley was not offered as a witness, and his statements to Ms. Evans in their conversation were excluded by the Court as hearsay evidence.)

On March 22, 1976, Mr. Wolfe included in his handwritten statement to Mr. Rainey and another Secret Service agent, *inter alia*, the following with reference to two "counterfeit" $20 bills he had received on March 11, 1976:

 *    *    *    *    *    *

 * * * I gave them to a friend in a business deal. The following day [*i. e.,* March 12, 1976] they were returned to me without my knowledge. I gave them to John Lowery * * *.

The only " * * * friend in a business deal * * * " shown by the prosecution's evidence to have been involved with Mr. Wolfe on that date was Ms. Evans. Thus, the prosecution identified the two $20 federal reserve notes, opined by Mr. Rainey on March 12, 1976 to be counterfeited, as being the same bills passed on March 11, 1976 by Mr. Wolfe to Ms. Evans, as charged, " * * * not absolutely, but as a matter of reasonable probability. * * * " *Gass v. United States, supra.*

The Court was concerned also that Mr. Wolfe's aforementioned statement might have been robbed of its voluntary character by both threats and promises on the part of the investigating agents. Out of the presence of the jury, Mr. Wolfe testified, *inter alia,* Mr. Rainey told him that, if he (Mr. Wolfe), " * * * didn't talk, * * * " the agents had enough evidence already to send him to prison, in the forms of his fingerprints on counterfeited currency and the testimony of an unidentified " * * * girl * * * "; and that, if Mr. Wolfe cooperated with the agents in tracing the counterfeited money, " * * * the most which might happen to you is having to testify in court. * * * "

 In making its determination, before the "confession" of the defendant (as defined in 18 U.S.C. § 3501(e)) was received in evidence under the Omnibus Safe Streets and Crime Control Act of 1968, 18 U.S.C. § 3501, the five factors listed as considerations therein " * * * need not be conclusive on the issue of [its] voluntariness. * * * " *Idem.* Although entertaining grave reservations as to such voluntary character of the incriminating statement of the defendant, the Court had before it the direct denials of such conduct in the sworn testimony of each of such agents as well as the defendant's statements in his waiver of silence and his right to counsel which follow: " * * * I understand what my rights are. * * * I * * * voluntarily * * * am willing to make a statement * * *. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has [sic: have] been used against me."

 The Court, in making its preliminary determination of the voluntariness of Mr. Wolfe's statement, was subject to the rule that the prosecution must have proved " * * * at least by the preponderance of the evidence that [it] was voluntary * * *." *Lego v. Twomey* (1972), 404 U.S. 477, 489, 92 S.Ct. 619, 627, 30 L.Ed.2d 618, 627[8]. The aforementioned denials and waiver-admissions by the defendant provided amply that preponderance, so that such statement was admitted to the jury for consideration of its voluntariness and according of weight. 18 U.S.C. § 3501. The verdict of the jury indicates that the defendant's statement was found voluntary and accorded probative weight.

For those reasons, the aforementioned motion of the defendant Mr. Michael Dean Wolfe hereby is

DENIED.