**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lee Marvin HOLT, Defendant–Appellant.**

No. 03–5679.

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

D. R. Smith, Asst. U.S. Attorney, U.S. Attorney's Office, Johnson City, TN, for Plaintiff–Appellee.

William L. Ricker, Ricker Law Office, Greeneville, TN, for Defendant–Appellant.

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

### ORDER

Lee Marvin Holt, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Holt and numerous co-conspirators were indicted in an 84–count indictment. A jury convicted Holt of conspiring to distribute marijuana and cocaine, in violation of 21 U.S.C. §§ 841 and 846, use of a telephone to facilitate a drug trafficking offense, in violation of 21 U.S.C. § 843, and aiding and abetting Carroll Holt (count 83) with the possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. The district court sentenced him to seventy months of imprisonment.

Holt has filed a timely appeal, arguing that: 1) the district court improperly denied his motion for judgment of acquittal because the jury was not given a special unanimity instruction as to count 83; 2) the district court improperly admitted marijuana-related evidence despite a four-month break in the chain of custody; and 3) the district court erred when it admitted

testimony concerning cash and marijuana seized from a Hilario Zuniga.

■ Upon review, we conclude that the district court was not required to give a special "unanimity instruction" as to count 83. We review this argument only for plain error because Holt did not object to the district court's instructions nor did he request a unanimity instruction. *See United States v. Davis*, 306 F.3d 398, 412–13 (6th Cir.2002). An instruction is not "plainly erroneous" unless there was an error that directly leads to a miscarriage of justice. *Id.* at 413.

■ The record reflects that the district court explained that the jury was required to find that the Holts possessed a quantity of marijuana, that they knew the substance was marijuana, and that they intended to distribute the marijuana. The court also instructed the jury on the notions of "actual" and "constructive" possession, and that the jury "must still reach a unanimous verdict." With respect to count 83, the court instructed the jury that the Holts had been charged as aiders and abettors, that it was not necessary for the jury to find that either defendant personally committed the crime, and that the jury could find one or both of the Holts guilty if one or both of them intentionally helped the other or someone else to commit the crime charged. A review of these instructions clearly establishes that the jury was not left with the option of reaching a verdict lacking in unanimity. Because Lee Holt was charged as an aider and abettor, the jury was not required to determine which marijuana he personally possessed.

The district court properly admitted the challenged marijuana evidence. Physical evidence is admissible when the possibilities of misidentification or alteration are " 'eliminated, not absolutely, but as a matter of reasonable probability.' " *United States v. McFadden*, 458 F.2d 440, 441 (6th Cir.1972) (quoting *Gass v. United States*, 416 F.2d 767, 770 (D.C.Cir.1969)). Absent a clear abuse of discretion, " 'challenges to the chain of custody go to the weight of the evidence, not its admissibility.' " *United States v. Allen*, 106 F.3d 695, 700 (6th Cir.1997) (quoting *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir.1990)).

■ Although Holt objected to the admission of the evidence because of a "break" in the chain of custody, the government presented testimony from several witnesses that demonstrated that there was no tampering with respect to the marijuana evidence in this case. Federal Bureau of Investigation (FBI) Agent Hood testified that, on June 15, 2001, he assisted his team leader in a search of the H & H Auto property, and that FBI agents seized a box containing eleven bags of marijuana from the center of the double-car garage located on the first floor. Hood testified that photographs were taken during the course of the search, and he identified photographs depicting the marijuana as it was found during the search. These photographs were admitted as exhibits 46–A through 46–K. A forensic scientist (Denise Buckner) testified that she analyzed the seized marijuana. She explained that each box of marijuana provided by the agency contained several individual bags of drugs, and that she marked each bag she examined with the laboratory number, the date, and her initials. Buckner acknowledged that once she removed a bag from its box she could not determine which bags came to her in which box. However, Holt has not provided any evidence or testimony indicating that the agents mishandled or tampered with the drugs during the four-month period prior to the drugs being sent to the lab for testing, or that the chemist mishandled the drugs during the testing.

■ Furthermore, the marijuana (exhibit 41) and the lab report (exhibit 41–A) were cumulative to other evidence that clearly established that Holt engaged in a conspiracy to distribute both cocaine and marijuana. A drug dealer (Manrique Reynoso) testified that he sold drugs to Carroll Holt. He testified that he sold between 50 and 100 pounds of marijuana to Carroll Holt once a month for about two or three years. He also testified that, during the same time period, he sold about five kilograms of cocaine to Carroll Holt. Reynoso testified that he never spoke with Carroll Holt over the phone; rather, Lee Holt would call and make arrangements for the drug transactions. The government played a tape-recorded conversation between Lee Holt and Reynoso, during which Lee Holt explained that Carroll needed to see Reynoso. Following the phone conversation, Reynoso delivered between 50 and 100 pounds of marijuana and one kilogram of cocaine to Carroll Holt. In addition, a confidential informant (James Bridges) testified that he purchased marijuana and/or cocaine from Carroll Holt eight times and that, when Carroll could not be present, Lee Holt would handle the drug transactions. Each of these transactions was monitored and tape-recorded, and the tapes of the transactions were played for the jury. Furthermore, FBI agent Gideon Beck testified that, during the execution of a search warrant, agents discovered marijuana and/or cocaine at Carroll Holt's trailer and inside a car near the trailer. Photographs depicting the evidence as it was found during the search were admitted as exhibits 45–A through 45–O. This evidence was clearly sufficient to establish that Lee Holt participated in a conspiracy to distribute both cocaine and marijuana, and that exhibits 41 and 41–A were cumulative of this evidence. Therefore, Holt has not established that the district court improperly admitted exhibits 41 and 41–A, or that he was prejudiced by the admission of those exhibits.

■ The district court did not err when it admitted evidence concerning cash and marijuana seized from Zuniga. Holt challenges the admission of testimony that FBI agents seized more than $100,000 in cash and 21.9 pounds of marijuana from Zuniga.

■ We will reverse a district court's ruling on the relevance of evidence only if the district court abused its broad discretion in the matter. *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir.1998). Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Here, Holt and numerous co-conspirators were charged with conspiring to distribute large quantities of cocaine and marijuana. The testimony concerning the seizure of money and marijuana from Zuniga was relevant in that it provided support for the allegation that the conspirators were capable of supplying large quantities of marijuana to Carroll Holt. Furthermore, in light of the overwhelming evidence establishing that Lee Holt conspired to distribute cocaine and marijuana, Holt has not established that the admission of the challenged evidence prejudiced his defense.

Accordingly, we affirm the judgment of conviction and sentence.