**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0066n.06

No. 08-6136

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 01, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| PIERRE M. RODRIGUEZ, | ) | |
| | ) | **O P I N I O N** |
| *Defendant-Appellant.* | ) | |
| | ) | |
| | ) | |

BEFORE:  MOORE and STRANCH, Circuit Judges; COHN, District Judge.[*]

**COHN, District Judge.**  This is a criminal case.  Defendant-Appellant Pierre M. Rodriguez ("Rodriguez") appeals his conviction and sentence of 385 months after a jury found him guilty of two counts of conspiracy to commit robbery, two counts of robbery in violation of 18 U.S.C. § 1951, and two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  Rodriguez argues that the district court erred by prohibiting his lawyer from cross-examining a government witness about his prior theft conviction and allowing fingerprint evidence in the absence of the original source of the fingerprints.  He also argues that there was insufficient evidence to support his conviction.  For the reasons set forth below, Rodriguez's conviction will be affirmed.

_____

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I. BACKGROUND

Rodriguez's case involves two robberies. The first robbery occurred at Las Americas Musicas, a music store, and the second robbery occurred at Russell's Market, a convenience store.

The Las Americas Musicas robbery occurred on the evening of February 14, 2006. Two men entered the store carrying guns and demanded that the pregnant clerk on duty, Maria Fragosa ("Fragosa"), give them the money in the register; Fragosa complied.

The Russell's Market robbery took place on March 23, 2006. Two men entered the store in the early morning hours. One man pointed a handgun at the store owner, Russell Reed ("Reed"), and demanded he turn over the money in the cash register; Reed complied. The two men left the store at which time Reed grabbed a gun, went outside, and saw the two men leaving the parking lot in a black pickup truck. Reed fired the gun at, but did not hit, the truck.

Rodriguez was arrested less than two months later after being implicated by another robbery suspect. After the arrest, the lead investigator on the case, Charlie Wilder ("Wilder"), interrogated Rodriguez. Wilder asked Rodriguez questions in English. Rodriguez responded to Wilder's questions in Spanish, Rodriguez's native language. After the interrogation, Wilder transcribed Rodriguez's confession and Rodriguez signed it.[1] Rodriguez was later identified by Reed during a preliminary court appearance, which Rodriguez asserts was orchestrated by Wilder.

In May, 2008, Rodriguez went to trial on a six-count indictment charging him with the Russell's Market and Las Americas Musicas robberies, conspiracy to commit both robberies, and

---

[1] Rodriguez does not challenge his confession on appeal; thus, it is not addressed in this opinion.

brandishing a firearm during both robberies. Prior to the start of trial, the government moved to exclude Rodriguez's planned cross-examination of Wilder about a past misdemeanor theft conviction, for the purpose of impeaching Wilder's credibility. The government objected on the ground that the prior conviction was not admissible under Fed. R. Evid. 609. Rodriguez responded that, while the conviction was "generally inadmissible" because it was over ten years old, the court should allow the cross-examination because "in the interest of justice [sic] the probative value of the conviction [was] supported by specific facts and circumstances substantially outweigh[ing] its prejudicial effect." The government relied on a decision from this Court, *United States v. Rattigan*, No. 91-00106, 1993 WL 190910, *5 (6th Cir. June 2, 1993), to argue that theft is not a crime of dishonesty. The district court judge agreed with the government and granted the motion, stating, "if the Sixth Circuit finds that robbery is not a crime of dishonesty, or false statement, how can I conclude that it's in the interest of justice?" The district court judge further stated,

> under Rule 609(a), I don't think it's a felony; it's a misdemeanor. I think it is beyond the time limits. I also find that, given that the *Ra[tt]igan* case finds that the crime of robbery is not a crime of dishonesty or false statement, that the *motion in limine* to exclude this reference should be granted.

Several witnesses testified at Rodriguez's trial. Reed identified Rodriguez as one of the two men who committed the Russell's Market robbery and testified that Rodriguez stole money from him at gunpoint. Two sheriff's deputies testified that Rodriguez confessed to the Russell's Market robbery. The deputies said Rodriguez's confession included details related to the brandishing of the gun, the other individuals involved, and the get-away cars used during the commission of the crime. Fragosa testified that two men in ski masks robbed her at gunpoint, and the second robber, Carlos

Hernandez ("Hernandez"), testified that he and Rodriguez committed the robbery together with assistance from two other individuals who waited in a getaway car.

An officer on the scene of the Las Americas Musicas robbery testified that he viewed a surveillance video at the store, which depicted one of the robbers picking up a CD during the robbery, but not taking it. After seeing the video, the officer testified that he directed a crime scene detective to the area where the CD was located. The crime scene detective testified that he was able to lift a fingerprint from the CD, which he placed onto a fingerprint card, and which was later entered into evidence by the government. A fingerprint expert testified that she compared the fingerprint card to Rodriguez's fingerprints and the two fingerprints matched.

Prior to the fingerprint expert's testimony, Rodriguez objected on chain of custody grounds that the government failed to link the CD from which the fingerprints were lifted to the exact CD touched by one of the robbers. The district court overruled Rodriguez's objection, concluding that "there ha[d] been a sufficien[t] showing of the chain of custody."

At the close of the government's case-in-chief, Rodriguez moved for a judgment of acquittal, which was denied. As previously stated, at the end of trial, the jury found Rodriguez guilty on two counts of conspiracy to commit robbery, two counts of robbery in violation of 18 U.S.C. § 1951, and two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Rodriguez did not renew the Rule 29 motion after the verdict was read. Rodriguez was sentenced to a term of imprisonment of 385 months.

## II. DISCUSSION

### A. Wilders' Prior Theft Conviction

Rodriguez challenges the district court's refusal to allow admission of evidence on or cross examination of Detective Wilder regarding a 1992 misdemeanor theft conviction: theft of two horses valued at less than $500. Rodriguez contends that the district court erred in denying him the opportunity to impeach Wilder's credibility under Fed. R. Evid. 609 and pursuant to his Sixth Amendment right of confrontation. Rodriguez's claims are without merit.

Because Wilder's theft conviction was a misdemeanor, Rule 609(a)(2) applies to its admission, as does the staleness provision of Rule 609(b). A district court's evidentiary rulings are ordinarily reviewed by this Court for an abuse of discretion. *United States v. Johnson*, 581 F.3d 320, 332 (6th Cir. 2009). This standard applies to a district court's Rule 609(b) decisions. *See, e.g.*, *United States v. Franco*, 484 F.3d 347, 353 (6th Cir. 2007).

Fed. R. Evid. 609(b) limits, for the purpose of impeachment, the admissibility of prior conviction evidence "more than 10 years old." Fed. R. Evid. 609(b). That is, "Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *United States v. Sims*, 588 F.2d 1145, 1150 (6th Cir. 1978). Particularly, after reviewing the legislative history of Rule 609(b), this Court has held that "evidence of convictions more than ten years old should be admitted very rarely and only in exceptional and circumstances." *United States v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990) (internal quotations omitted).

In this case, the district court found that Wilder's 14-year-old conviction was inadmissible for staleness under Rule 609(b). Thus, even if we assume that the theft evidence was admissible under Rule 609(a)(2) as a crime involving an element of dishonesty or false statement,[2] the district court did not abuse its discretion by excluding the conviction under Rule 609(b).

Rodriguez also challenges the exclusion of Wilder's theft conviction as a violation of his Sixth Amendment right to confront his accusers. However, Rodriguez did not make a Confrontation Clause objection to the district court's evidentiary rulings at the trial level, and thus we review his argument now for plain error. *See United States v. Deitz*, 577 F.3d 672, 683 (6th Cir. 2009).

"[T]he Confrontation Clause affords the right to impeach a witness with his criminal record, subject to the trial court's discretion to impose reasonable limitations to prevent harassment and annoyance of the witness." *Vasquez v. Jones*, 486 F.3d 135, 143 (6th Cir. 2007) (discussing *Delaware v. Van Arsdall*, 475 U.S. 673 (1986) and *Davis v. Alaska*, 415 U.S. 308 (1974)). On review, "[t]he key issue is whether the jury had enough information to assess the defense's theory of the case despite the limits placed on cross-examination." *United States v. Holden*, 557 F.3d 698, 704 (6th Cir. 2009) (citing *Boggs v. Collins*, 26 F.3d 728, 739 (6th Cir. 2000)).

---

[2] Fed. R. Evid. 609(a)(2) determinations as to whether a specific conviction constitutes a crime of dishonesty or false statement are reviewed *de novo* because Rule 609(a)(2) removes from the district court any discretion in admitting evidence of a prior conviction with an element of dishonesty or false statement. *See United States v. Morrow*, 977 F.2d 222, 228 (6th Cir. 1992) (en banc)). Instead, under the rule, evidence that a witness has been convicted of a crime with an element of dishonesty or false statement "shall be admitted" without any balancing of prejudice or other factors. *Doe v. Sullivan County*, 956 F.2d 545, 551 (6th Cir. 1992); *United States v. Peatross*, 377 F. App'x 477, 489 (6th Cir. 2010). It is unnecessary to address this issue because the evidence was properly excluded under Rule 609(b).

We must be mindful to view this standard through the lens of plain error. In particular, in order to show plain error, the district court's error must have, *inter alia*, "affected the appellant's substantial rights, i.e., affected the outcome of the district court's proceedings." *Puckett v. United States*, 192 S. Ct. 1423, 1425 (2009) (internal citations omitted). Given the strength of the prosecution's evidence with regard to the Russell's Market robbery, in particular Rodriguez's confession and Mr. Reed's positive identification of Rodriguez as the assailant, it is difficult to imagine how Rodriguez's ability to cross-examine Wilder on a 14-year-old misdemeanor theft conviction would have changed the outcome of the trial. Thus, we find no violation of Rodriguez's Confrontation Clause right that rises to a level of plain error.

For these reasons, we find no error in the district court's exclusion of Wilder's conviction evidence for impeachment purposes.

### B. Fingerprint Evidence

Rodriguez next asserts that the district court abused its discretion by allowing fingerprint testimony on the ground that the government failed to produce the original source of the fingerprints, a CD, from which the fingerprints were lifted. Instead, the fingerprint expert testified based on a fingerprint card, which Rodriguez says broke the chain of custody and tainted the admissibility of the fingerprint evidence. Rodriguez's argument is without merit.

A district court's evidentiary decisions are reviewed for an abuse of discretion. *Rush v. Ill. Cent. R.R. Co.*, 399 F.3d 705, 715 (6th Cir. 2005). Particularly, fingerprint evidence is admissible when the possibilities of misidentification or alteration are "eliminated, not absolutely, but as a matter of reasonable probability." *United States v. McFadden*, 458 F.2d 440, 441 (6th Cir. 1972)

(internal citation omitted). Absent a clear abuse of discretion, challenges to the chain of custody do not go to the admissibility of the evidence. *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990). Rather, where direct testimony establishes that the defendant handled the item from which fingerprints were obtained, whether the government has proved an adequate chain of custody goes to the weight of the evidence. *United States v. Crite*, No. 92-6015, 1993 WL 445084, *6 (6th Cir. Nov. 2, 1993) (citing *McFadden*, *supra*). In other words, "the verdict depend[s] on whether the jury believe[s] the United States or the defendant." *Id.* "This matter of credibility is for the jury, not the appellate court." *Id.* (internal citations omitted).

Here, direct testimony reasonably established that one of the robbers touched a CD and that the fingerprints lifted from a CD matched Rodriguez's fingerprints. Further, an adequate chain of custody was established in that fingerprints were lifted from a CD at the crime scene onto a fingerprint card, which was entered into evidence and evaluated by a fingerprint expert, who concluded that the fingerprint on the card matched that of Rodriguez. Thus, Rodriguez has not proffered evidence to show a clear abuse of discretion and the district court did not err in finding that Rodriguez's challenge went to the weight of the evidence and not admissibility. In other words, it was up to the jury to decide whether it believed the government or Rodriguez, not this Court.

Rodriguez also challenges the fingerprint evidence on lack of foundation grounds. This claim is without merit. Under Fed. R. Evid. 703, "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing." Further, under Fed. R. Evid. 901(b)(1), evidence is properly authenticated when a witness testifies that "a matter is what it is claimed to be."

As stated above, the fingerprint expert's testimony was based on the fingerprint card, which was given to her prior to trial, and which contained fingerprints lifted from the crime scene. Thus, the fingerprint card was properly relied on and authenticated under Fed. R. Evid. 703 and Fed. R. Evid. 901. Accordingly, the district court did not err by admitting the fingerprint evidence.

## C. Sufficiency of the Evidence

Finally, Rodriguez argues that the evidence is insufficient to support his conviction on the ground that there was no physical evidence tying him to the robberies. Rodriguez also asserts that the victim identifications were insufficient to establish his guilt. Rodriguez is incorrect.

"This Court reverses a judgment for insufficiency of the evidence only if [the] judgment is not supported by substantial and competent evidence upon the record as a whole." *United States v. Barnett*, 398 F.3d 516, 521-22 (6th Cir. 2005) (quoting *United States v. Stone*, 748 F.2d 361, 363 (6th Cir.1984)) (internal quotation marks omitted). "However, when the defendant moves for judgment of acquittal at the close of the government's case-in-chief, and defense evidence is thereafter presented but the defendant fails to renew the motion at the close of all of the evidence, he waives objection to the denial of his earlier motion, absent a showing of a manifest miscarriage of justice." *United States v. Price*, 134 F.3d 340, 350 (6th Cir. 1998); *see also United States v. Roberge*, 565 F.3d 1005, 1008 (6th Cir. 2009). "A miscarriage of justice exists only if the record is devoid of evidence pointing to guilt." *Id.*

Here, the Russell's Market robbery victim, Reed, identified Rodriguez as one of the two men that entered his store and robbed him at gunpoint. The Las Americas Musicas robbery victim, Fragosa, testified that two men wearing ski masks robbed her at gunpoint, and Hernandez testified

that he and Rodriguez committed the robbery together.  Finally, Rodriguez's fingerprints matched

fingerprints lifted from the Las Americas Musicas crime scene.

Based on the described evidence, Rodriguez has not shown a manifest miscarriage of justice.

### III.  CONCLUSION

For all of the above reasons, we **AFFIRM** Rodriguez's conviction.