925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary DAVIS, Defendant-Appellant.
 No. 90-5892.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant appeals the sentence imposed following his guilty plea to conspiracy to distribute cocaine and possession with intent to distribute cocaine. The government moves to dismiss the appeal on grounds this court lacks jurisdiction to review the defendant's sentence. The defendant has not responded to the motion to dismiss, but has filed a brief on the merits. The sole issue which the defendant has raised is whether the government abused its discretion in failing to file a motion for downward departure based on substantial assistance. Such a motion is required under Fed.R.Crim.P. 35 and Sec. 5K1.1 of the Sentencing Guidelines before the sentencing court may make a downward departure for substantial assistance. In the instant case the government declined to file such a motion and advised the sentencing judge that the defendant's information had come too late to be of substantial assistance.
 
 
 2
 It is established that the district court has no authority to depart downward for substantial assistance in the absence of a government motion. United States v. Levy, 904 F.2d 1026, 1035 (6th Cir.1990); United States v. Davis, 919 F.2d 1181 (6th Cir.1990). Further, if "the guideline range was properly computed, the district court was not unaware of its discretion to depart from the guideline range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, the failure to depart is not cognizable on appeal under 18 U.S.C. Sec. 3742(a)." United States v. Davis, 919 F.2d at 1187. In the instant case defendant does not dispute the proper computation and application of the guidelines. Further, the district court was without discretion to depart in the absence of a motion. The sentence imposed was the lowest sentence within the applicable range. There is no assertion that the government acted in bad faith in declining to file a motion since the plea agreement left the discretion for filing such a motion with the government. See United States v. Levy, at 1036, n. 3. Accordingly, there is no cognizable issue for appeal.
 
 
 3
 It is therefore ORDERED that the motion to dismiss this appeal is granted.