943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William H. ASHLEY, Defendant-Appellant.
 No. 91-3108.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and GIBSON, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant William H. Ashley appeals his jury trial convictions for conspiracy to commit bank robbery, armed bank robbery and use of a firearm to commit robbery. For the following reasons, we affirm the convictions.
 
 I.
 
 2
 In October of 1988, Stivison and another male[1] stole a Toyota Celica in Logan, Ohio in order to use the vehicle in an armed robbery of the Citizens Bank of Logan, Ohio. Also in preparation of the robbery, the two men made two homemade bombs. Prior to the robbery, both men placed the homemade bombs at the Ferrell gas company in Logan and then made telephone calls to the gas company alerting them to the bombs in an attempt to divert attention away from the robbery to take place. On October 13, 1988, the stolen vehicle was used in the armed bank robbery of Citizens Bank in Logan. Both men wore wigs, beards and masks during the robbery, and Stivison's partner carried a sawed-off shotgun with a pistol grip, a .22 caliber pistol and a police scanner. The mask worn by Stivison was a blue ski mask. The men obtained $13,347.00 in currency in the robbery of Citizens Bank of Logan. The two men later abandoned the Toyota in a predesignated location and then used another vehicle for their getaway.
 
 
 3
 In June of 1989, Stivison and Ashley stole a 1980 Mazda RX7 in Lancaster, Ohio, to be utilized in a future bank robbery. On June 19, 1990, Stivison and Ashley used the stolen Mazda when they robbed the Fairfield National Bank, in Lancaster, Ohio. During the course of this robbery, Ashley carried a .9mm revolver and a sawed-off shot gun with a pistol grip. Both men sported ski masks, and Stivison wore a gray sweat jacket. After escaping the bank in the Mazda, the two men abandoned it and left in another vehicle. The Fairfield National Bank was robbed of $6,970.00.
 
 
 4
 In February of 1990, Stivison and Ashley stole another Mazda RX7 in Columbus, Ohio. On March 29, 1990, the two men used this Mazda to rob the First National Bank in Zanesville, Ohio. Once again, Ashley carried a .9mm pistol and a sawed-off shotgun with a pistol grip. Both men wore ski mask, and Stivison's mask was bright blue. The men only obtained $1,714.00 in this robbery. As in the previous robberies, the two men abandoned the Mazda for another vehicle immediately after their escape.
 
 
 5
 On May 4, 1990, Stivison and another man[2] robbed the Creative Concepts Hair Salon on South Hamilton Road, in Whitehall, Ohio. Stivison's partner carried a police scanner and a .9mm pistol.
 
 
 6
 Later the same day, Stivison and Ashley were apprehended by the Whitehall police. A search of Stivison's car revealed two .9mm pistols, fake beards and wigs, masks and gloves, a police scanner and a gray sweat jacket.
 
 
 7
 On May 24, 1990, Special FBI Agent Phil Coghlan executed two search warrants at Ashley's residence. Among items found in the ensuing search were a letter addressed to Stivison, a blue ski mask, a "Slim Jim," "a slide hammer,"[3] bank robbery plans and diagrams, an instructions manual on how to build homemade bombs and a sawed-off shotgun with a pistol grip.
 
 
 8
 On June 21, 1990, a federal grand jury for the Southern District of Ohio returned a five-count indictment against Ashley. Count one charged Ashley with conspiring with Donald Stivison to unlawfully rob banks by force and intimidation, in violation of 18 U.S.C. § 371.[4] Count two charged Ashley with the armed robbery of the Fairfield National Bank of Lancaster, Ohio, in violation of 18 U.S.C. §§ 2113(a), (d) and 18 U.S.C. § 2. Count four charged Ashley with the armed robbery of the First National Bank of Zainesville, Ohio, in violation of 18 U.S.C. §§ 2113(a), (d) and 18 U.S.C. § 2. Finally, counts three and five charged Ashley with carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).
 
 
 9
 A jury trial began on September 17, 1990, and three days later the jury returned verdicts of guilty on all counts. Ashley moved for a judgment of acquittal at the close of the government's case, but the motion was denied. On January 10, 1991, Ashley was sentenced to a total of 33 years imprisonment. This appeal followed. The primary issues raised on appeal are: (1) whether the trial court erred in admitting other act testimony against Ashley; and (2) whether the evidence was sufficient to sustain a verdict of guilty against Ashley on conspiracy charged in count one.
 
 II.
 
 10
 The first issue on appeal is whether the trial court erred in admitting other act testimony into evidence against Ashley. Alleged evidentiary errors are reviewed for abuse of discretion. United States v. Levy, 904 F.2d 1026, 1029 (6th Cir.1990), cert. denied sub nom. Black v. United States, 111 S.Ct. 974 (1991). See also United States v. Vance, 871 F.2d 572, 576 (6th Cir.), cert. denied, 110 S.Ct. 323 (1989) ("In determining the admissibility of bad acts evidence under Rule 404(b), a trial judge is accorded 'broad discretion.' ").
 
 
 11
 Relying on Fed.R.Evid. 404(b), the defense moved the trial court in limine to prohibit the government from introducing testimony concerning Ashley's alleged involvement in the May 1990 hair salon robbery into evidence. This objection was based on the fact that although there were three alleged robberies, Ashley was only indicted for two of them, the Fairfield National Bank robbery and the First National Bank robbery, both of which occurred prior to May 1990. He was not indicted for the May 1990 robbery of the hair salon. The government, on the other hand, contended that it was able to introduce the challenged evidence under 404(b) in order to prove a common scheme or plan and for identity. United States v. Woods, 613 F.2d 629, 634 (6th Cir.), cert. denied, 446 U.S. 920 (1980).
 
 
 12
 After hearing the respective arguments on this issue, the trial judge overruled defense counsel's motion. The court stated that
 
 
 13
 The motion of the defense is overruled except as it relates to going into any details of what happened in this situation as the proof will be admissible for the purposes of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident pursuant to Rule 404(B).
 
 
 14
 J.App. at 92. After the challenged testimony was admitted, the court gave the jury the following limiting instruction:
 
 
 15
 You have heard evidence that the Defendant allegedly committed a robbery at Creative Concepts Hair Salon in Whitehall, Ohio. And this is an act other than that charged in the indictment. And you may not consider [sic] this evidence to prove that the Defendant committed the acts that he is now on trial for. You may consider, however, consider these other acts only for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident and for no other purpose.
 
 
 16
 Remember the Defendant is on trial here only for conspiracy and armed bank robbery and not for these other acts. Do not convict him if the Government has failed to prove these charges--the charges contained in the indictment.
 
 
 17
 J.App. at 111-12. The court read this instruction to the jury again in its charge and also provided it to the jury in writing. Lastly, in closing argument, the government stated
 
 
 18
 Let's talk about the Whitehall robbery, Creative Concept robbery. His Honor is going to instruct you as to how to deal with that. I am going to emphatically state that you cannot, you may not use those facts to state that this man acted in conformity therewith. You can't use that act to say that he did the other acts. You just can't do it[.]
 
 
 19
 Government's Brief at 14-15 (citing Trial Record).
 
 Fed.R.Evid. 404(b) provides:
 
 20
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 21
 This court has set forth a two-step analysis for determining whether bad acts evidence is admissible under Rule 404(b). Vance, 871 F.2d at 575-76.
 
 
 22
 First, the court must decide whether the evidence would serve a permissible purpose such as one of those listed in the second sentence of Rule 404(b). If so, the court must consider whether the probative value of the evidence is outweighed by its potential prejudicial effect.
 
 
 23
 Id. (citation omitted). Upon a careful review of the record, we find that the trial court properly applied the two-step analysis in deciding to admit the bad acts evidence in this case. The court first found that it would serve a permissible purpose such as one listed in Rule 404(b). Second, it concluded that the probative value of the evidence was not outweighed by its potential prejudicial effect.
 
 
 24
 Also, Ashley contends that the bad act in question occurred after the offenses charged and thus should not have been admitted. See United States v. Ring, 513 F.2d 1001, 1005 (6th Cir.1975) ("We have also held that 'to show a consistent pattern of conduct relating to the offense charged the evidence must be of prior similar acts reasonably near in time to the offense charged.' ") (emphasis added). However, this circuit, along with most of the others, has held that both acts prior to and subsequent to the offense charged are admissible under 404(b). See, e.g., United States v. Johnson, 934 F.2d 936 (8th Cir.1991); United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991); United States v. Pollard, 778 F.2d 1177, 1179-80 (6th Cir.1985).
 
 
 25
 As the evidence was probative as to identification and to show a common scheme or plan and any prejudice was alleviated by the court's repeated limiting instruction, we find no error on the part of the trial court here.[5] King, 513 F.2d at 1004 (admission of bad acts under 404(b) requires limiting instruction).
 
 III.
 
 26
 The next issue is whether the evidence was sufficient to sustain the guilty verdict on the conspiracy charged in count one. In addressing the sufficiency of the evidence, this court does not sit as a trier of fact. Rather, the standard of review is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 27
 Citing United States v. Gibson, 675 F.2d 825 (6th Cir.), cert. denied, 459 U.S. 972 (1982), Ashley contends that the government's evidence on the conspiracy charge was legally insufficient because "there was no proof of a conspiracy independent of the testimony of Mr. Stivison." Appellant's Brief at 11. Ashley maintains that "the trial court had a duty to determine whether or not a prima facie case for conspiracy had been proven by the Government without regard to the testimony of the alleged coconspirator, Stivison." Id. at 11-12.
 
 
 28
 In reviewing a sufficiency of the evidence claim, the court in Gibson stated that a reviewing court may measure the denial of the motion for acquittal against the testimony of the sole witness on that count. 675 F.2d at 830. The court went on to state that "[i]f the jury believed [the sole witness'] testimony, as they apparently did, the evidence established beyond doubt" the essential elements of the crime. Id. Finally, the Gibson court found no merit to the defendant's claim that the sole witness' testimony, standing alone, was insufficient to send the count to the jury. Id.
 
 
 29
 Gibson does not stand for the proposition that when the government's case rests upon a sole witness, we must in reviewing a sufficiency of the evidence claim look to see if sufficient evidence was present absent the sole witness' testimony. In fact, it has been held that "even uncorroborated accomplice testimony is 'sufficient evidence upon which to base a conviction if the testimony is not incredible or unsubstantial on its face.' " United States v. Basey, 613 F.2d 198 (9th Cir.1979), cert. denied, 446 U.S. 919 (1980) (citation omitted). Thus, as the foundation of Ashley's argument has no merit, his entire argument must fail.
 
 
 30
 Upon careful review of the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the conspiracy beyond a reasonable doubt.[6]
 
 IV.
 
 31
 For the foregoing reasons, we AFFIRM the convictions.[7]
 
 
 
 *
 The Honorable Benjamin F. Gibson, Chief Judge for the United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 Stivison testified at trial that Ashley was his accomplice to the robbery of Citizens Bank in Logan, Ohio
 
 
 [2]
 Stivison also testified at the trial that he and Ashley robbed the hair salon
 
 
 [3]
 The "Slim Jim" and the slide hammer are tools used in the theft of automobiles
 
 
 [4]
 Donald Stivison entered pleas of guilty to conspiring with Ashley to rob three separate banks and to two substantive counts of armed bank robbery in a separate proceeding. Stivison testified on behalf of the government in Ashley's trial
 
 
 [5]
 Currently, United States v. Bakke, 90-1978/1979/1998/1999, argued on May 23, 1991, is pending before this court. In Bakke, the court addresses a Rule 404(b) question. The defendant in Bakke contends that the trial court erred in admitting evidence of a bad act which occurred subsequent to the dates of the conspiracy charged in the indictment. However, as the facts in Bakke are substantially different from the ones presented here, we see no reason to hold this case in abeyance until a decision is rendered in Bakke
 
 
 [6]
 Although Ashley briefly attacks the sufficiency of the evidence on the other counts, his attack is contingent upon the success of his challenge to the sufficiency of the conspiracy evidence. As we find the conspiracy evidence sufficient, Ashley's attack on the other counts fails also
 
 
 [7]
 In a supplemental brief, Ashley raised other arguments. These arguments have been carefully considered by the court and found to be without merit