968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond JOHNSON, Defendant-Appellant.
 No. 91-3863.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Raymond Johnson appeals his conviction for money laundering and possession of cocaine. He alleges that the money laundering statute is unconstitutionally vague and overbroad. He also alleges that it does not criminalize "purely intrastate financial transactions" or "mere" possession of currency. Finally, Johnson challenges the court's denial of his motion to suppress evidence.
 
 
 2
 On August 30, 1991, based on a tip from an informant, FBI agents investigated Johnson's activities at a Quality Inn hotel in Ohio. The FBI arrested Johnson and co-defendant Vernon Goins at the hotel. Following the arrest, a Cleveland Police Department officer obtained a search warrant for the hotel room and for the car Johnson and Goins were using. The officers searched the room and found an airline ticket in the name of Michael Cooper for a flight from Cleveland to Los Angeles and a gray Samsonite suitcase containing $147,690. Johnson admitted to the officers that he owned the suitcase. The suitcase was inscribed with the name "M. Cooper." Searching the car, the officers found another suitcase containing more than $200,000.
 
 
 3
 At trial, Harold Smith, a third co-defendant, testified that Johnson was a participant in a cocaine conspiracy with Smith and Goins. Smith stated that on a trip from California to Cleveland, Johnson carried fifteen kilograms of cocaine in the gray suitcase. Johnson was to carry the cocaine to Cleveland, wait for the cocaine to be sold, and then return to California with the proceeds from the sale. Smith testified that he personally delivered $150,000 of the $350,000 that the officers seized from Johnson and Goins the night of the defendants' arrests. Smith testified that the money he delivered to Johnson consisted of proceeds from the sale of cocaine.
 
 
 4
 Prior to trial, Johnson made a motion to suppress evidence arising from his arrest and the search of the hotel room and car. Johnson argued that the officers did not have probable cause to enter the room and arrest Johnson and Goins. Johnson also argued that the search warrant was invalid because it was based on information illegally obtained from the warrantless entry. The district court denied Johnson's motion after hearing evidence from both parties. The district court found that under the totality of the circumstances, the officers had probable cause to enter the hotel room and arrest the occupants. The court also found that the officers conducted the search of the room and the car with a valid search warrant.
 
 
 5
 A jury convicted Johnson of conspiracy to distribute fifteen kilograms of cocaine in violation of 21 U.S.C. § 846, and found him guilty of money laundering under 18 U.S.C. § 1956. The court sentenced him to fourteen years and four months imprisonment and five years supervised release.
 
 
 6
 In the Sixth Circuit, when a statute is challenged as unconstitutionally vague and the challenge does not implicate the First Amendment, we review the statute's constitutionality as applied to the facts of the case. United States v. Levy, 904 F.2d 1026, 1032 (6th Cir.1990). Johnson argues that the money laundering statute is vague such that it could be read to encompass ordinary citizens participating in entirely legal activities. In Johnson's case, the applicable portions of the statute are clearly stated: (1) conducting or attempting to conduct a financial transaction, (2) using proceeds from a specified illegal activity, (3) in a manner that affects interstate commerce in any way. In Johnson's case, he was accused and convicted of attempting to conduct a financial transaction affecting interstate commerce with the proceeds of illegal cocaine sales under the money laundering statute. The statute is clear in its application in this case. Further, we follow the Seventh Circuit which has examined the money laundering statute, 18 U.S.C. § 1856, and found it constitutional. See United States v. Jackson, 935 F.2d 832, 838 (7th Cir.1991).
 
 
 7
 Johnson also argues that even if this court finds the statute constitutional, his conviction was in error because he did not leave Ohio. He argues that his actions took place "intrastate" rather than "interstate." Johnson's arguments are without merit. The statute criminalizes conduct or attempted conduct involving proceeds from specified illegal activities. The conduct or attempted conduct has to, in some way, affect interstate commerce. The interstate commerce prong is a de minimis requirement. See United States v. Gallo, 927 F.2d 815, 822-23 (5th Cir.1991) (court held that driving on an interstate highway without the intent to travel interstate was sufficient nexus to fulfill interstate commerce prong of money laundering statute).
 
 
 8
 Johnson also argues that the district court improperly denied his motion to suppress evidence obtained the night he was arrested. Johnson argues that in obtaining a search warrant to search the hotel room and car, the officers used information and evidence gained from a warrantless entry into his hotel room. Johnson argues that the information that was the basis for the warrant was illegally gained and thus invalidates the warrant. Invalidation of the warrant would necessitate the suppression of evidence gained from the search. Based on a tip from an informant, the officers investigated Johnson's activities at the hotel. After hearing Johnson's conversation through the hotel door, the officers were able to verify the informant's tip. When Johnson opened the door to the hotel room, the officers entered the hotel room and arrested the defendants. After arresting Johnson, the officers obtained a search warrant to search the hotel room and the car.
 
 
 9
 We affirm the judgment of the district court.