NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0297n.06

Case No. 15-5757

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 03, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. )
)
)
JOSHUA GRANDERSON, )
)
    Defendant-Appellant. )

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

O P I N I O N

BEFORE: COLE, Chief Judge; McKEAGUE and GRIFFIN, Circuit Judges.

**McKEAGUE, Circuit Judge.** Joshua Granderson was indicted as a felon in possession of a firearm and for possession with intent to distribute cocaine following a search and seizure at a routine traffic stop. He successfully moved to suppress the evidence from the search, and the United States dismissed the indictment. Six months after his release from prison, Granderson was indicted again after he sold cocaine to an undercover police officer and a confidential informant in an unrelated investigation. Granderson moved to dismiss the second indictment for vindictive prosecution, arguing the government targeted him due to his success during his first prosecution. After holding an evidentiary hearing, the district court denied the motion. A jury convicted Granderson on four counts of distributing cocaine and the district court sentenced him to seventy-two months' imprisonment. He now appeals the denial of his motion to dismiss and other decisions the district court made at trial. Finding no error, we AFFIRM.

**I**

*First Prosecution.* On November 16, 2011, an officer from the Metropolitan Nashville Police Department (MNPD) stopped Granderson and his sister for a traffic violation. R. 251, PSR at 18 ¶ 62, PID 2380. During the stop, the police searched Granderson and his sister and seized a firearm and cocaine. *Id.* Granderson was indicted as a felon in possession of a firearm and for possession with intent to distribute cocaine and crack cocaine. *Id.* at ¶¶ 62–63. After he successfully moved to suppress the relevant evidence on Fourth Amendment grounds, the United States released him and moved to dismiss the indictment without prejudice. R. 157, Response to Motion to Dismiss Indictment at 3, PID 951.

*Second Prosecution.* Granderson's current prosecution resulted from a separate investigation by the Metropolitan Nashville Police Department. MNPD Detective Daniel Bowling had developed a woman known as "Jenny May" as a confidential informant following an unrelated traffic stop. R. 205, Evidentiary Hearing at 13–16, PID 1443–46. Jenny May had an ongoing relationship with Granderson, and Granderson had communicated with her while in custody during his first prosecution. R. 113, Motion to Produce at 3–4, PID 550–51. Detective Bowling was unaware of the relationship between Jenny May and Granderson, and it had no impact on his investigation. R. 205, Bowling Testimony at Evidentiary Hearing at 15, 42–43, PID 1445, 1472–73.

In her role as an informant, Jenny May gave police a list of four or five individuals, including Granderson, from whom she said she could purchase drugs. *Id.* at 16, PID 1446. Detective Bowling then investigated the background and criminal history of the individuals on the list. *Id.* at 18–19, PID 1448–49. During his investigation, Bowling learned that Granderson

had prior felony convictions and, based on social media photos, believed Granderson may have been involved in gang activities. *Id.*

With Jenny May's help, Bowling was able to buy drugs from Granderson on four occasions. Granderson sold Jenny May and Bowling crack cocaine on December 5 and December 11, 2012, and sold cocaine and crack cocaine to Bowling on December 18, 2012 and January 3, 2013. A federal grand jury indicted Granderson on four counts of possession and distribution of crack and powder cocaine. R. 17, Indictment, PID 19–20.

*Motion to Dismiss and Motion to Strike for Vindictive Prosecution.* On March 11, 2013, the district court granted Granderson's motion to continue his trial and rescheduled trial for May 21, 2013. R. 29, Minute Entry, PID 39. On March 15, Granderson filed a motion to discover the identity of the informant (Jenny May) who was involved in the drug sales. R. 34, Motion, PID 45–51. The United States filed its response on March 18. R. 38, Response, PID 55–59. On March 20, the United States filed information for an enhancement pursuant to 21 U.S.C. § 851, alleging that Granderson had a prior conviction in 2006 for possession of less than 0.5 grams of cocaine with intent to sell. R. 39, Section 851 Information, PID 60–62.

Granderson proceeded to trial on May 21, 2013. R. 59, Minute Entry, PID 131. On the second day of trial, Granderson sent a letter to the district court raising concerns about how his attorney was handling the case. R. 65, Letter, PID 141–44. The district court responded by declaring a mistrial. R. 66, Order, PID 145.

Granderson then moved to dismiss the indictment and to strike the § 851 enhancement. He argued that his second prosecution was vindictive because the prosecutor targeted him for successfully moving to suppress evidence in his first prosecution. R. 129, Motion to Dismiss,

PID 860–902. He also argued that the § 851 enhancement was a vindictive response to his motion to disclose the informant's identity. R. 115, Motion to Strike at 1 n.3, PID 568.

The district court scheduled an evidentiary hearing to determine whether Granderson's prosecution or the § 851 enhancement were vindictive. R. 205, Evidentiary Hearing Tr., PID 1431–1587. The court heard testimony from Detective Bowling; Drug Enforcement Agency Officer Christopher Maga; Assistant United States Attorney (AUSA) Philip Wehby, who decided whether to accept cases for federal prosecution; and AUSA Clay Lee, who handled both of Granderson's prosecutions. The district court then denied Granderson's motion to dismiss, finding that "there's absolutely no evidence to support a vindictive prosecution in this case." *Id.* at 154, PID 1584. It also denied Granderson's motion to strike the § 851 enhancement, finding it "was not retaliatory" because the government followed "normal procedure" by filing the enhancement once it appeared the case would go to trial. *Id.*

*Trial & Sentencing.* Granderson's second trial began on November 12, 2014, and lasted three days. R. 228–232, Trial Tr., PID 1669–2264. Granderson admitted that he made the drug sales, but relied on the defense of entrapment. The jury found Granderson guilty on all four counts. R. 214, Verdict, PID 1637–38.

Because the first sale occurred within 1,000 feet of a school, Granderson's Sentencing Guidelines range with the career offender enhancement was 262–327 months' imprisonment. R. 255, Sentencing Tr. at 4, PID 2400. The district court decided that "the application of the career offender enhancement to Mr. Granderson is entirely misplaced in this circumstance, relying upon an offense when he was 17 . . . and then another drug offense that involved [a] very small amount of drugs." *Id.* at 47, PID 2443. Without the career offender enhancement, Granderson's Guidelines range would have been 37–46 months. *Id.* at 49, PID 2445. The

district court felt that "that is too low of a sentence, given his background and given the circumstances of the offense." *Id.* Accordingly, the court sentenced Granderson to 72 months' on each of the four counts, with the sentences running concurrently. *Id.*; *see* R. 245, Judgment, PID 2313. Granderson timely appealed. R. 249, Notice of Appeal, PID 2360.

## II

Granderson raises four issues on appeal. First, he argues that the district court abused its discretion when it chose not to dismiss the indictment or strike the § 851 enhancement on grounds of vindictive prosecution. Second, he argues the district court erred by modifying the jury instruction for his entrapment defense. Third, he argues the district court constructively amended the indictment by modifying the verdict form. Fourth, he argues the district court erred in admitting evidence from one of his drug sales. We reject each in turn.

## A

We review a district court's denial of a motion to dismiss for vindictive prosecution for abuse of discretion. *United States v. Suarez*, 263 F.3d 468, 476 (6th Cir. 2001).

*Motion to Dismiss for Vindictive Prosecution.* "It is well established that due process protects against prosecutorial retaliation for a defendant's exercise of a statutory or constitutional right." *United States v. Moon*, 513 F.3d 527, 535 (6th Cir. 2008). A presumption of vindictiveness applies if the defendant can prove: "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; and (4) the intent to punish the defendant for exercise of the protected right." *Suarez*, 263 F.3d at 479.

The district court held an evidentiary hearing to determine whether Granderson's prosecution was vindictive because "[t]he court saw a lot of smoke; and, therefore, put the

government to its proof to show that there was no fire connected to the smoke." R. 205, Evidentiary Hearing at 150, PID 1580. Following testimony from those involved in Granderson's prosecutions, the court found that "the government has very adequately established that there was no fire beneath the smoke." *Id.* at 150–51, PID 1580–81. The court found that Granderson exercised his protected right to challenge the search in his first case, but that he failed to prove the remaining three elements from *Suarez*. *Id.* at 151, PID 1581.

We agree. Granderson's second prosecution was the result of a separate investigation led by Detective Bowling, who was unaware of Granderson's previous prosecution and unaware of his relationship with Jenny May. Once Bowling was able to purchase drugs from Granderson on several occasions, he presented the case to AUSA Wehby. At that point, we agree with the district court that AUSA Wehby chose to prosecute, "not because . . . Granderson had won his first suppression motion, but simply because he [was] an appropriate target for federal prosecution[.]" *Id.* at 153, PID 1583. Wehby then assigned the case to AUSA Lee because he was familiar with Granderson from the first prosecution—a decision the district court accurately described as making "all the sense in the world." *Id.*

It can hardly be considered vindictive for the U.S. Attorney's Office to prosecute an individual—particularly once local law enforcement has independently built a case showing the individual made several illegal drug sales—simply because it was unsuccessful prosecuting that individual for a prior, separate incident. Accordingly, we agree with the district court's decision to deny Granderson's motion to dismiss.

*Motion to Strike.* Prosecutorial vindictiveness can also "potentially be found in the pre-trial addition of charges following pre-trial assertions of protected rights." *Suarez*, 263 F.3d at 479 (citing *United States v. Andrews*, 633 F.2d. 449, 454 (6th Cir. 1980) (en banc)). "However,

if the charges are brought simply as the result of failure of the plea bargaining process, they are not vindictive." *Id.*

Here, there is no evidence that the government filed the § 851 enhancement to retaliate for Granderson's motion to disclose the confidential informant's identity. The only fact that raises suspicion is that Granderson's motion was filed on March 15, 2013, while the government filed its information under § 851 on March 20. But AUSA Lee testified that he filed the information at that time because plea negotiations had broken down and the case was headed to trial. R. 205, Evidentiary Hearing at 143–44, PID 1573–74. As the district court found, "at that point, that's when the government decides they are going to file an enhancement. That's their normal procedure. I have seen it time and again. That's what happened in this case. It was not retaliatory." *Id.* at 154, PID 1584. Given the absence of evidence to the contrary, we agree.

Because there was no evidence showing vindictiveness in Granderson's prosecution or the § 851 enhancement—even after an evidentiary hearing—we find no abuse of discretion and affirm the district court's decision to deny Granderson's motion to dismiss and motion to strike.

**B**

*Jury Instructions.* Granderson's second argument is a meritless challenge to the jury instruction on entrapment. We review jury instructions as a whole to determine whether the district court fairly and adequately submitted the issues and applicable law to the jury. *United States v. Rose*, 522 F.3d 710, 719 (6th Cir. 2008).

The Sixth Circuit Model Jury Instruction on entrapment explains the defense of entrapment and closes by asking the jury to:

> Consider all of the evidence and decide if the government has proved that the defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

R. 204-1, Model Jury Instruction 6.03, PID 1430. At trial, the district court modified the final portion of the instruction to include the following italicized language:

> Consider all of the evidence and decide if the government has proved that the defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty *on the count(s) where you have determined he was entrapped*.

R. 213, Jury Instructions at 24, PID 1623 (emphasis added). The district court explained that it added this language because Granderson was charged with four counts, and the jury "may decide he proved entrapment on this one, he didn't prove entrapment on this one, so they are going to have to weigh that as to each of the four charges." R. 231, Trial Tr. at 501, PID 2169.

Granderson's argument appears to be that the court should have instructed the jury that if it found Granderson not guilty by entrapment on the first drug sale (Count One), "then the jury must render a complete not guilty verdict to [all of] the counts charged." Reply Br. at 6.

We disagree. Granderson cites no legal authority to support the argument that entrapment on one occasion automatically means entrapment on all occasions. His argument is also undone by its logical extension. Surely, no defendant would accept the inverse proposition—that if the jury found he was *not* entrapped (and thus guilty) on Count One, he could not use the entrapment defense and was automatically guilty for the remaining counts. Granderson was indicted for four separate incidents of selling cocaine, so the court instructed the jury that it should find him not guilty for any incident where he was entrapped. We find no error in the district court accurately instructing the jury on the law.

## C

*Verdict Form.* We similarly reject Granderson's challenge to the verdict form. We review whether a verdict form amounts to a constructive amendment to the indictment *de novo*. *United States v. Hynes*, 467 F.3d 951, 961 (6th Cir. 2006). A constructive amendment occurs

when the jury instructions or the verdict forms "vary from the indictment to broaden the basis for conviction" or when they "differ from an indictment . . . to charge the jury on a separate offense that was not listed in an indictment." *United States v. Kuehne*, 547 F.3d 667, 685 (6th Cir. 2008) (citations omitted) (setting out standard for jury instructions); *see United States v. Honeycutt*, 816 F.3d 362, 373–74 (6th Cir. 2016) (applying standard to verdict forms).

Granderson appeals on Count One of the Indictment, which alleged that he possessed cocaine with intent to distribute within 1,000 feet of a public elementary school. *See* 21 U.S.C. §§ 841(a) (possession with intent to distribute), 860(a) (within 1,000 feet of an elementary school). The original verdict form for Count One read as follows:

1. With respect to Count One in the Indictment, possession with the intent to distribute cocaine base, that is crack cocaine, a Schedule II controlled substance, we the jury find the Defendant Joshua Granderson:

   Guilty _____                    Not Guilty _____

   If you answered guilty to Question 1, please proceed to Question 1a.

1a. With respect to Count One in the indictment, possession with intent to distribute cocaine base, that is crack cocaine, a Schedule II controlled substance, within 1,000 feet of Robert Museum Churchwell Magnet Elementary School, a public elementary school, we the jury find the Defendant Joshua Granderson:

   Guilty _____                    Not Guilty _____

R. 200-2, Verdict Form, PID 1417.

At trial, the district court instructed the jury on the elements of Count One: "First, that the defendant knowingly or intentionally distributed cocaine base; and second, that he did so within 1,000 feet of an elementary school." R. 232, Trial Tr. at 574, PID 2242. The court then gave the jury a simplified version of the verdict form, which read:

1. With respect to Count One in the Indictment, we the jury find the Defendant Joshua Granderson:

   Guilty _____                    Not Guilty _____

   If you answered "Guilty" to Question 1, please answer Question 1a. If you answered "Not Guilty" to Question 1, proceed to Question 2.

1a. Do you find that the defendant committed the offense in Count One within 1,000 feet of Robert Museum Churchwell Magnet Elementary School, a public elementary school?:

   Yes _____                    No _____

R. 214, Verdict Form, PID 1637.

Granderson objected to the verdict form because he argued that "if I'm guilty of Count One, I'm guilty of 1(a). It's automatic." R. 231, Trial Tr. at 511, PID 2179. Granderson's argument is not entirely clear, but we believe it can be summarized as follows: The allegations in Count One included two elements: (1) distribution of cocaine and (1a) distribution within 1,000 feet of a public elementary school. Because Question 1 on the verdict form asked the jury to render a verdict only on "Count One"—without specifying which element—Granderson argues that the jury may have unwittingly found that the crime took place within 1,000 feet of a school.

Granderson's argument has no merit because the jury specifically found that Granderson distributed cocaine within 1,000 feet of a school *in the very next question on the verdict form*. See R. 214, Verdict Form, PID 1637. While the form given to the jury differed from the original, it was substantively identical. It also matched the charges in the indictment: Question 1 asked whether Granderson distributed cocaine, and Question 1a asked whether he did so within 1,000 feet of a school. *See Honeycutt*, 816 F.3d at 373–74. Accordingly, we find no error in the verdict form.

**D**

*Admissibility of Evidence.*  Finally, Granderson argues the district court erred in admitting the drugs Bowling purchased from him into evidence.  Granderson did not object to the admission of the drugs at trial, so we review for plain error.  *United States v. Sanderson*, 966 F.2d 184, 187 (6th Cir. 1992); *see* R. 231, Trial Tr. at 311–12, PID 1979–80.

Granderson argues the district court erred in admitting the drugs because of defects in the chain of custody.  He points out that Detective Bowling checked the drugs out of evidence the night before a pretrial hearing, rather than doing so the morning of the hearing, in violation of police department protocol.  R. 230, Trial Tr. at 210–12, PID 1878–80.  Bowling testified at trial that he locked the drugs in a safe at his house overnight, and that the seals on the bags showed no signs of tampering.  *Id.*  He added that he followed protocol and signed the drugs out on the morning of trial on the day they were admitted.  *Id.* at 1880, PID 1879.

Granderson's argument fails because he has not presented evidence, or even raised an argument, that law enforcement tampered with the drugs.  "Merely raising the possibility of tampering or misidentification is insufficient to render evidence inadmissible."  *United States v. Combs*, 369 F.3d 925, 938 (6th Cir. 2004) (citation omitted).  Moreover, "'challenges to the chain of custody go to the weight of the evidence, not its admissibility.'"  *Id.* (quoting *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990)).  Accordingly, we affirm the district court's decision to admit the drugs into evidence.

**III**

For the foregoing reasons, we find no error and AFFIRM.