27 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby J. BAUGH, Defendant-Appellant.
 No. 93-6007.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1994.
 
 Before: BOGGS and SILER, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant, Bobby J. Baugh ("Baugh"), and his nephew, Phillip Dale Price ("Price"), were indicted and convicted for multiple bank robberies and conspiracy to rob banks in rural central and eastern Kentucky. They were also convicted for use of a firearm in furtherance of their criminal activity. Baugh was sentenced to serve 363 months on all five counts charged against him. Price entered into a plea agreement with the government. The government presented evidence, through Price and Baugh's brother, Robert Baugh, Jr.,[1] that the defendant Baugh was involved in the commission and planning of a number of bank robberies. The government also produced bank employees who described persons who had robbed their respective banks as fitting the description of the defendant and his coconspirators. Furthermore, the government introduced evidence of a bank surveillance photograph of the defendant Baugh in a bank (Dawson County Bank) before it was robbed. The defendant admitted to doing this, but said he was merely changing a $100 bill to make a purchase at a pawn shop. Price testified that Ed Alley, a self-proclaimed expert bank robber who was a member of the conspiracy, told him and the others that it was possible to case a bank under the pretext of buying a roll of quarters or changing a $100 bill.
 
 THE TESTIMONY OF PAT JONES
 
 2
 Baugh argues that the district court improperly excluded the testimony of Pat Jones, his sister-in-law, regarding two conversations she had with Price while the latter was incarcerated. Baugh wanted to introduce Jones' testimony to the effect that Price purportedly told her in their first conversation that he was innocent and in their second conversation that he was involved in the bank robberies of which he was accused. Baugh argues he needed to introduce this testimony to show that Price was somehow acting in concert to implicate Baugh falsely so as to make things easier for Price and other alleged conspirators when sentenced later pursuant to plea agreements. Specifically, Baugh's attorney stated:
 
 
 3
 She [Jones] would testify that Mr. Price had told her during the course of their first testimony that he was innocent, that he had not been involved in any bank robbing activities; that Robert Baugh, Jr., in fact, was responsible for setting him up, placing money in his home where it could be found, having him carry weapons that Mr. Baugh intended to use. In a second phone call, he retreated from the claim of complete innocence and admitted that he had been engaged in money laundrying to assist Robert Baugh, Jr. in his enterprise, but that he had not robbed any of the banks.
 
 
 4
 Baugh argues that in not allowing this evidence to be introduced, there was reversible error because he was not permitted to put on "relevant, admissible evidence in support of his theory of the case and defense." Baugh argues that "the exclusion of the testimony prevented him from proving" that Price had changed his story to help the government in naming him as his "co-perpetrator." Baugh further argued that the exclusion of the testimony eroded the credibility of his witness, Jones, because the jury was more likely to infer that Price confessed his guilt to her because the jury heard only that conversations took place but did not learn of the content of the conversations.
 
 
 5
 Our standard of review of whether the district court improperly excluded evidence on hearsay grounds is de novo. United States v. Levy, 904 F.2d 1026, 1029 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991).[2] If there were error at all in the exclusion of this testimony, the error was harmless and we affirm.
 
 
 6
 We examine first the question of whether the testimony Baugh sought to introduce through Pat Jones regarding her conversations with Price was indeed hearsay. According to Fed.R.Evid. 801(c), " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The offer of proof made by Baugh's attorney indicates that the evidence was not designed to prove the truth of the statements contained in the assertions. Even though the evidence was not properly excludable as hearsay, its relevance is not immediately obvious, and its exclusion was not a matter of such import that it rose to the level of reversible error. The defendant could have brought out the same information by cross-examining Price or by recalling him later.[3] It was not reversible error.
 
 
 7
 We agree with the government's argument in its brief that any error was harmless because:
 
 
 8
 Baugh's counsel more than adequately attacked Price's credibility and motivation to falsely implicate Bobby June Baugh by adroitly commenting on Price's plea agreement, the disparity in the tellers' descriptions of the robbers, especially the smaller robber, differences in the testimony of Price and Robert Baugh, Jr., and Price's ability to deduce who the government believed was the other robber, and his strong desire to obtain consideration from the government to reduce the length of his incarceration by providing the government the "correct" name of the other robber.
 
 
 9
 The defendant makes no further challenge to his trial and conviction. Evidence of his guilt was ample and we, accordingly, AFFIRM the defendant's conviction.
 
 
 
 [1]
 Robert Baugh, Jr. was indicted earlier on bank robbery and related charges and subsequently began cooperating with the FBI. He provided information which led to the arrest of the defendants Baugh and Price
 
 
 [2]
 While we review the exclusion of testimony on hearsay grounds de novo, we review the possible improper inclusion of evidence for abuse of discretion. See United States v. Rios, 842 F.2d 868, 872 (6th Cir.1988), cert. denied, 488 U.S. 1031 (1989) ("We review the district court's admission of certain ... statements [as to whether they were hearsay] under an abuse of discretion standard")
 
 
 [3]
 In his offer of proof, Baugh's lawyer mentioned only a desire to highlight Price's state of mind when he made the two separate statements to Pat Jones, allegedly to challenge Price's credibility and motivation