107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold BRADY, Petitioner-Appellant,
v.
Melody L. TURNER, Respondent-Appellee.
 No. 96-3049.
 United States Court of Appeals, Sixth Circuit.
 Feb. 04, 1997.
 
 Before: LIVELY, MERRITT, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Harold Brady, a pro se Ohio prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Brady was convicted by a jury and sentenced to five to fifteen years for felonious assault and six months for burglary. In 1994, the Ohio Court of Appeals affirmed the conviction, and the Supreme Court of Ohio denied review. Thereafter, Brady unsuccessfully sought post-conviction relief in state court.
 
 
 3
 Brady then filed his federal habeas corpus petition in 1995, asserting that he had received ineffective assistance of counsel at trial and on appeal. Reasoning that a colorable claim had not been presented, the magistrate judge recommended dismissing the case. The district court then adopted the magistrate judge's report upon de novo review and over Brady's objections.
 
 
 4
 In his timely appeal, Brady raises the same issues he presented to the district court. He also argues that the jury wanted to convict him of a lesser offense and that the district court relied on the wrong events to justify the conviction.
 
 
 5
 Upon review, we conclude that the district court properly dismissed the petition as Brady failed to show that he received a fundamentally unfair trial resulting in his unjust confinement. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993). Brady's trial counsel did not render deficient performance by not requesting instructions on all possible lesser included offenses as his action can be considered sound trial strategy. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Moreover, Brady did not suffer any prejudice as the evidence did not warrant a finding of guilt on a lesser included offense, and an acquittal on the greater offense. See United States v. Levy, 904 F.2d 1026, 1031 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 6
 As there was sufficient evidence to support the conviction, Brady's argument that the jury "wanted" to convict him of a lesser included offense is inconsequential. Likewise, because the evidence specific to the assault is sufficient to support the conviction, it is irrelevant that the district court referred to testimony concerning an alleged rape reported over two months before the assault of which Brady stands convicted.
 
 
 7
 As Brady's trial counsel was not ineffective, his appellate counsel did not render deficient performance by failing to raise the issue of ineffective assistance of trial counsel. See Strickland, 466 U.S. at 687.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.